**Jia CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40038–AG.**

United States Court of Appeals,
Second Circuit.

Oct. 27, 2006.

Bing Li, Bayside, New York, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. MCLAUGHLIN, and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jia Chen, a native and citizen of China, has filed a petition for review of a May 9, 2003 order of the BIA denying her motion to reopen. *In re Jia Chen,* No. A77 479 279 (B.I.A. May 9, 2003). In a previous decision, the BIA affirmed a decision by Immigration Judge ("IJ") Alan Vomacka, finding Chen not credible with respect to her claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Chen,* No. A77 479 279 (B.I.A. Oct. 29, 2002), *aff'g* No. A77 479 279 (Immig. Ct. N.Y. City Dec. 21, 2000). We assume the parties' familiarity with the underlying facts and procedural history.

■ The BIA's denial of a motion to reopen or reconsider is reviewed for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34 (internal quotation marks omitted).

Chen argues in her brief that the BIA and IJ erred in denying her initial asylum application because the adverse credibility finding was not supported by substantial evidence. She also argues that she met her burden of proof with respect to her illegal departure claim. Despite both parties' arguments to the contrary, this Court cannot consider those arguments because Chen did not file a timely petition for review from the BIA's original decision. Accordingly, this Court's review is confined to the denial of Chen's motion to reopen. *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001).

■ Even though the petition for review was timely only with respect to her motion to reopen, Chen has failed to make any challenge to the denial of her motion to reopen in her brief. In addition, she has failed to raise any argument relating to the birth of her U.S.-citizen children, which was the only basis for her motion to reopen. Accordingly, Chen has waived all reviewable claims pending before this Court. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006) (internal citations omitted).

Based on the foregoing, the petition for review is DENIED.